IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JUSTINE BRYANT WASHINGTON, | ) | |
|---|---|---|
| | ) | |
| | ) | 8:16CV12 |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM** |
| DOUGLAS GRIESER, RUSSELL DERR, NICHOLAS ANDREW DEPETRO, JESSICA CLARK WEST, ROBERT TRIBOLET, and JOSEPH S. TROIA, District Court Judge, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff Justine Washington ("Plaintiff") filed his Complaint in this matter on January 13, 2016. (Filing No. 1.) Plaintiff filed a supplement to his Complaint on March 8, 2016. (Filing No. 15.) Plaintiff has been given leave to proceed in forma pauperis. (Filing Nos. 7, 14.) The court now conducts an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's claims are difficult to decipher. It appears Plaintiff asserts that his constitutional rights were violated when the State of Nebraska enforced a child support order that was entered against him in Colorado. (Filing No. 15 at CM/ECF p. 4.) Plaintiff names Nebraska state court judges, as well as several Nebraska attorneys, as defendants. As relief, Plaintiff asks this court to "[f]ree [him] of all relation to this event plus all the money [he has] put into this fight plus pain and suffering, mental stress." (Filing No. 15 at CM/ECF p. 3.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff's Complaint and supplement are rambling, and somewhat difficult to comprehend. As best the court can tell, Plaintiff is challenging Nebraska's enforcement of a Colorado child support order. Plaintiff claims that Defendants' errors in attempting to collect child support have amounted to a violation of his rights under 42 U.S.C. § 1983. There are multiple reasons why Plaintiff's claims cannot

proceed in this court.

Plaintiff essentially seeks an order barring the State of Nebraska from enforcing a child support order entered against him in Colorado. This claim is subject to dismissal under the domestic relations doctrine. It is well-settled that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). The United States Supreme Court has recognized a domestic relations exception "to the jurisdiction of the federal courts in light of long-held understandings and policy considerations." *Whiteside v. Nebraska State Health and Human Services*, No. 4:07CV3030, 2007 WL 2123754, *1 (D. Neb. July 19, 2007) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 694-95 (1992). It is clear from the Complaint and the supplement thereto that granting Plaintiff the relief sought would require the court to entangle itself into issues of state child support law, an area in which it does not have jurisdiction.

The *Rooker-Feldman* doctrine also precludes consideration of Plaintiff's claim. This doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. *Feldman*, 460 U.S. at 467. *See also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). It appears that Nebraska state courts have entered orders regarding Plaintiff's child support obligations and Nebraska's enforcement of the Colorado order. (Filing No. 1 at CM/ECF p. 14.) In order for Plaintiff to properly challenge these state court orders, he must seek the appropriate state remedies.

Moreover, to the extent that any portion of Plaintiff's Complaint could survive the jurisdictional bars of the domestic relations doctrine or *Rooker-Feldman* doctrine, *Younger* abstention is warranted. Under the *Younger* abstention doctrine, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *Younger v. Harris*, 401 U.S. 37 (1971); *see Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, [] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism").
Therefore, Plaintiff's Complaint must be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge